## HARGRAVES v. STATE.  (No. 11988.)

Court of Criminal Appeals of Texas.  Nov. 21, 1928.

R. L. Henry, of Houston, for appellant.
A. A. Dawson, State's Atty., of Austin, for the State.

LATTIMORE, J.  Conviction for theft; punishment, two years in the penitentiary.

We find in the record no bills of exception presenting complaints of procedure. We have examined the facts brought before us. It appears that in July or August, 1927, about 123 spools of barbed wire of the value of more than $500 were stolen. Later something over 100 spools of this wire were located in possession of various persons who said they got same from appellant. One of these men testified that appellant told him he had gotten the wire in a trade and therefore would sell it cheap. Another one testified that appellant told him he bought it cheap. On the trial of the case appellant and his witnesses testified that a truck drove up to appellant's house one night in July or August, 1927, and that a man named Shorty asked appellant if he could leave a quantity of wire at his house with the understanding that if it was not called for by Shorty in 15 days appellant could sell it and have half of the proceeds of such sale. The theory of the defense was further that Shorty did not come back for the wire, and that therefore appellant sold it. They claim that the man who brought it to appellant's house on the night in question was later identified as Shorty Green and that he was killed in March, 1928, in some kind of an accident. The defense witnesses said they, went to the undertaking establishment at Houston and saw his body, which they identified. The story thus told was sufficiently improbable to justify the jury in rejecting it, but the state went further and showed by witnesses that Shorty Green, who was killed in an accident in March, 1928, and whose body was at the undertaking establishment referred to by appellant's witnesses, was not in and around Houston in July or August, 1927, and further that said Shorty Green, deceased, did not and could not at any time drive an automobile. The facts seem ample to justify the jury in rejecting the explanation made by appellant of his possession of the recently stolen wire and in concluding him guilty of the theft.

No error appearing, the judgment will be affirmed.